IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA A. BURGESS | * | |
| v. | * | CIVIL ACTION NO. PJM-13-789 |
| PATRICK R. DONAHOE | * | |
| U.S POSTAL SERVICE | | |
| (CAPITAL METRO) | * | |
| NEEOISO | | |
| | *** | |

## **MEMORANDUM OPINION**

On March 14, 2013, Plaintiff, a resident of Alexandria, Virginia, filed this employment discrimination Complaint against the United States Postmaster General, the U.S. Postal Service and the National Equal Employment Opportunity Investigative Services Office ("NEEOISO). She raises the following fanciful claims:

> "Since 2011 I have been subjected to abuse from my employer that involved the HVAC system and other technologies. Often times I have endured targeted air flow to various parts of my body which is uncomfortable and or painful. November 2011 was one of the first occurrences of targeted air flow to my head. On January 6, 2012 the air flow was substantial and caused me to seek medical help at emergency room. On February 14, 2013 I received substantial air flow/air pressure to the genitalia which was uncomfortable and painful. I was not scheduled to work on Friday (02/15) and this was the President's holiday weekend. Over the weekend I reflected on what had occurred on Thursday and realized I was sexually assaulted. I was apprehensive about coming to work on Tuesday February 19th because I feared that the abuse would continue. After enduring additional targeted air flow/air pressure to various parts of my body to include head and genitalia on the 19th, I called 911 to report the sexual assault from February 14th and 19$^{th.}$."

(ECF No. 1 at 2-3). Plaintiff asks for an injunction to have Defendants "stop intentionally inflicting pain on me" and punitive damages for pain and suffering.[1]  (*Id*. at 3).

---

[1] Plaintiff has also filed a Motion for Appointment of Counsel. (ECF No. 3). She asks that an attorney be appointed to give the case a fair representation. In light of the decision set out herein, Plaintiff's Motion shall be denied.

Plaintiff seeks leave to proceed in forma pauperis. She affirms that she earns over $7,000.00 a month, has more than $8,500.00 in various bank accounts, and owns two properties with a cumulative value of approximately $450,000.00. (ECF No. 2). Because Plaintiff does not satisfy indigency requirements, her Motion for Leave to Proceed In Forma Pauperis shall be denied.[2]

This court may preliminarily review the Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. The complaint shall be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for the failure to state a claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face). Plaintiff's factual statement of claim is replete with fanciful illusions. It would appear that Plaintiff is claiming that she was forced to work in an environment of harassment due to her race and age because the air ducts in the workplace were trained on her. The allegations contain not even a hint of a claim under the constitution, laws, or treaties of the United States. In particular, the Court cannot even craft an employment discrimination complaint from the assertions raised herein. The action has no basis in law and fact and shall be dismissed without service of process on Defendants. A separate order shall follow.

March 25, 2013  _____/s/_____
                                    PETER J. MESSITTE
                                    UNITED STATES DISTRICT JUDGE

---

[2] Given the Court's decision, Plaintiff shall not be required to pay the $350.00 filing fee.